UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHIRE CITY HERBALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-30069-MGM |
| | ) | |
| MARY BLUE d/b/a FARMACY HERBS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF DECISION AND ORDER REGARDING
DEFENDANTS' MOTION TO STAY
(Dkt. No. 16)

ROBERTSON, U.S.M.J.

I.    Introduction

Currently before the court is a motion to stay filed by defendants Mary Blue d/b/a Farmacy Herbs, Nicole Telkes d/b/a Wildflower School of Botanical Medicine and/or Wild Spirit Herbs, and Katheryn Langlier d/b/a Herbal Revolution (together, "Defendants") (Dkt. No. 16), which Shire City Herbals, Inc. ("Plaintiff") has opposed (Dkt. No. 19). The motion was referred to this court for decision (Dkt. No. 28).[1] On August 4, 2015, a hearing on the motion to stay was held before the court. For the reasons stated below, the court DENIES Defendants' motion.

II.    Relevant Procedural Background

---

[1] In a somewhat different context, the First Circuit held that a motion to stay was not dispositive and did not require a report and recommendation by a Magistrate Judge. *See Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010). Accordingly, Defendants' motion to stay may be properly decided by this court. *See also, e.g.*, *Baggesen v. Am. Skandia Life Assurance Corp.*, 235 F. Supp. 2d 30 (D. Mass. 2002) (order allowing motion to compel arbitration and for stay of district court proceedings issued by Magistrate Judge).

This action arises out of Defendants' alleged infringement of Plaintiff's registered trademark FIRE CIDER, an apple cider vinegar-based dietary supplement drink (Dkt. No. 19-2). In April 2012, Plaintiff filed an application with the U.S. Patent & Trademark Office ("PTO") for the mark FIRE CIDER, which was published and placed on the principal register later that year. In June 2014, defendant Mary Blue filed a petition for cancellation of Plaintiff's registered mark with the Trademark Trial and Appeal Board ("TTAB" or "Board"), seeking cancellation of the trademark registration on the grounds that (1) the designation FIRE CIDER is generic; (2) the designation is merely descriptive; and (3) Plaintiff's trademark application was fraudulently filed.[2]

On April 16, 2015, Plaintiff filed this action against Defendants, asserting, among others, a claim for declaratory relief regarding the validity of the FIRE CIDER mark on a statutory basis (Count I), a trademark infringement claim pursuant to 15 U.S.C. § 1141(1) (Count II), and a trademark infringement claim pursuant to Massachusetts common law (Count V) (Dkt. No. 1 at ¶¶ 46-56, 68-70).[3] The court has original jurisdiction over claims arising under Chapter 22 of Title 15 of the United States Code, *see* 28 U.S.C. § 2201; 28 U.S.C. § 1338, and has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction). On April 17, 2015, Plaintiff filed a motion with the TTAB to

---

[2] Originally, defendants Mary Blue and Nicole Telkes each filed cancellation proceedings with the Board, which were consolidated into a third proceeding. Defendant Telkes' proceeding and the third proceeding have since been withdrawn while Mary Blue's proceeding remains pending (Proceeding No. 92059450). Mary Blue's proceeding seeks to resolve the validity question for herself and the public at large, which includes defendants in this case (Dkt. No. 36-1 at 3 fn.4).

[3] The remaining claims of the ten-count complaint are false designation of origin (Count III) and trade disparagement (Count IV), both pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq., and the following Massachusetts state law claims: unfair competition (Count VI); unfair trade practices pursuant to M.G.L. c. 93A (Count VII); tortious interference with a contract (Count VIII); tortious interference with prospective business relations (Count IX); and trade libel (Count X) (Dkt. No. 1 at ¶¶ 46-95).

suspend the cancellation proceeding, which Mary Blue opposed. On June 1, 2015, Defendants filed the instant motion to stay this matter pending the outcome of the TTAB proceeding. On July 15, 2015, the TTAB granted Plaintiff's motion to suspend the cancellation proceeding (Dkt. No. 36-1 at 4 n.2). Thereafter, defendant Mary Blue filed a motion with the TTAB to reconsider the suspension (Dkt. No. 36-1), on which, so far as the court is aware, the Board has not ruled.

III.   Discussion

"A court's right to stay a proceeding is inherent in its power to control its own docket." *Amersham Int'l v. Corning Glass Works*, 108 F.R.D. 71, 71-72 (D. Mass. 1985) (citing *Landis v. North American Corp.*, 299 U.S. 248, 254 (1936)). The decision of whether to grant a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-255. A stay is warranted if "it would conserve party and judicial resources . . . [and] avoid potentially inconsistent judgments." *New Balance Athletic Shoe, Inc. v. Converse, Inc.*, No. 14-14715-NMG, 2015 WL 685070, at *2 (D. Mass. Feb. 18, 2015).

Notwithstanding the suspension of the TTAB proceeding, Defendants contend that judicial economy would be served by a stay of Plaintiff's case in this court because discovery was well underway at the TTAB and a trial date had been set. They further contend that a stay would avoid the risk of potentially inconsistent judgments on the validity of the trademark at issue. Plaintiff asserts that a stay would not simplify proceedings in this court because the PTO does not have exclusive jurisdiction over the trademark issue, so that even if the TTAB proceeding went forward and the Board issued a ruling, the parties could litigate the validity issue in federal district court or file an appeal of the TTAB decision with the United States Court of Appeals for the Federal Circuit. In addition, Plaintiff points out that because many of the

claims and counterclaims in this action are not within the jurisdiction of the TTAB, Defendants' claims of judicial economy are not persuasive. Plaintiff further contends that because it has claimed infringement and an alleged on-line campaign vilifying it, a stay would cause it prejudice. For the following reasons, in the court's view, Defendants' contentions do not warrant a stay in this matter.

      1. <u>The TTAB proceeding was not close to completion and has been suspended</u>

The TTAB suspended its cancellation proceeding in reliance on 37 C.F.R. § 2.117 (Dkt. No. 36-1 at 3), which provides that "[w]henever it shall come to the attention of the Trademark Trial and Appeal Board that a party or parties to a pending case are engaged in a civil action . . . which may have a bearing on the case, proceedings before the Board may be suspended until termination of the civil action . . . ." 37 C.F.R. § 2.117(a). This court has no assurance that defendant Mary Blue's motion to reconsider the suspension will be granted, nor can it ascertain when the TTAB will rule on the reconsideration motion. The applicable regulation, 37 C.F.R. § 2.117(a), permits suspension of a cancellation proceeding "until termination of the civil action" in which the parties are engaged. At this time, this action is the only pending matter where the issue of validity can be determined, and the likely duration of the stay requested by Defendants is uncertain. *See Water Quality Prot. Coal. v. Municipality of Arecibo*, 858 F. Supp. 2d 203, 212 (D.P.R. 2012) (a "stay's duration must be reasonable"). Furthermore, the TTAB proceeding, even if reinstated, would not necessarily provide a prompt resolution of the validity issue. Contrary to Defendants' assertion that discovery was close to completion at the TTAB, at the time of the filing of the instant motion, the cancellation proceeding was in its early stages with only limited discovery having been completed (Dkt. Nos. 19 at 8, 19-1 at ¶ 4). While a trial date had been set for September 16, 2015, Mary Blue had only served an initial response to one set of

discovery requests (Dkt. No. 17-1 at ¶¶ 4, 6) and the trial date would have to be continued. Moreover, any discovery produced in the TTAB proceedings can presumably be used in this case. The parties' work at the TTAB need not be duplicated here. *See In re Chiropractic Antitrust Litig.*, 483 F. Supp. 811, 813 (J.P.M.L. 1980) (in multidistrict litigation where the issue of duplicate discovery arose, the parties could request discovery completed in another action for their use in the current matter or stipulate that any discovery relevant to more than one action could be used in all actions).

      2. The TTAB's decision is not necessarily final

Even if the TTAB were to reconsider its suspension decision and rule on the validity question before it, its decision would not be final. "[T]he Board is not an ordinary administrative agency whose findings control unless set aside after court review under a highly deferential standard." *PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75, 80 (1st Cir. 1996). Under the Lanham Act, "the Board's findings can be challenged in a civil action in district court using new evidence, and, to a certain extent, the issues can be litigated afresh." *Id.* at 80 (citing 15 U.S.C. § 1071(b)). "The law in this area is complicated, and perhaps confused; no simple generalization does it justice. For present purposes, it is enough that something close to de novo proceedings are often possible." *Id.* at 80 n.2 (citations omitted). Alternatively, the Board's findings may be appealed to the United States Court of Appeals for the Federal Circuit. *See* 15 U.S.C. § 1071(a). Accordingly, there is no guarantee that the TTAB's decision would be the final word on validity. A subsequent - and possibly different - decision could be made by the district court or the Federal Circuit.

Defendants point out that, in light of the Supreme Court's holding in *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S.Ct. 1293 (2015), a TTAB ruling can have preclusive effect on

district court litigation, and contend that, for this reason, a stay is appropriate here. In *B&B Hardware*, the Supreme Court held that a TTAB ruling may, if the elements of issue preclusion are satisfied, be given preclusive effect. *Id.* at 1299. The Court granted such effect to a TTAB ruling where the Board had held a hearing on an issue within its jurisdiction, had made a decision on that issue, neither party sought further review of that decision in a district court or the Federal Circuit, and the elements of issue preclusion were satisfied. *Id.* at 1301-1310. While Defendants are correct that a TTAB ruling can, in appropriate circumstances, be given preclusive effect, the possibility that the TTAB might rule on the issue of validity, and that any such ruling could have preclusive effect - if neither party challenged the TTAB ruling - is far too speculative of a basis for staying a case.

       3. Plaintiff's complaint is not limited to a request for a declaratory judgment

Finally, in addition to Plaintiff's claim for a declaratory judgment as to the validity of the FIRE CIDER mark, the complaint alleges nine other causes of action, including two trademark infringement claims. Even if the TTAB did issue a decision on validity, it could not order any relief as to the infringement claims. *See PHC, Inc.*, 75 F.3d at 80 ("the Board cannot give relief for an infringement claim, either injunctive or by way of damages"); *compare* 15 U.S.C. §§ 1063(a), 1064, 1067(a) *with* 15 U.S.C. §§ 1116-1119 (powers of the district court are broader). Infringement claims involve some urgency, as "[o]ngoing business conduct is likely to be involved and harm, possibly irreparable, may be accruing." *PHC, Inc.*, 75 F.3d at 80. Under such circumstances, waiting for the Board's decision is not advisable, "doubly so because (as already noted) its administrative findings can so easily be relitigated in court." *Id.* (citing *Goya Foods, Inc. v. Tropicana Prod., Inc.*, 846 F.2d 848 (2d Cir. 1988)). "In fact, the First Circuit has instructed district courts to 'resolve . . . companion validity claim[s]' under Section 1119 at the

same time as they consider infringement claims if the 'issues underlying the two claims overlap.'" *Lyons v. Am. Coll. of Veterinary Sports Med. & Rehab., Inc.*, 997 F. Supp. 2d 92, 116 (D. Mass. 2004) (quoting *PHC, Inc.*, 75 F.3d at 81). "If no infringement claim [was] made in [this action] but only a claim that a federal registration was or was not valid, a good argument might exist (absent unusual facts) for awaiting the completion of any pending Board proceeding addressed to the mark's validity." *PHC, Inc.*, 75 F.3d at 80 (citing *Goya Foods, Inc.*, 846 F.2d at 853). Here, however, the issues underlying the validity and infringement claims do overlap, and related federal and state law claims are at issue. Thus, it would be prejudicial for the court to stay the infringement claims and inefficient not to rule on the validity claim at the same time as the ruling on infringement is made. *See Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1165 (9th Cir. 2007) ("The deciding factor should be efficiency.") (citing *PHC, Inc.*, 75 F.3d at 81)). Taking all of these considerations into account, a stay in this case is not warranted.

    IV.    Conclusion

Based on the foregoing, it is hereby ORDERED that Defendant's Motion to Stay Pending Outcome of TTAB Cancellation Proceeding (Dkt. No. 16) be DENIED. The clerk shall issue a notice of scheduling conference.

    /s/ Katherine A. Robertson
    KATHERINE A. ROBERTSON
    United States Magistrate Judge

DATED: September 15, 2015