# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHIRE CITY HERBALS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MARY BLUE, et al,<br><br>Defendants. | 3:15cv-30069-MGM |

**ANSWER OF NICOLE TELKES D/B/A WILDFLOWER SCHOOL OF BOTANICAL MEDICINE AND/OR WILD SPIRIT HERBS AND WILDFLOWERS AND WEEDS, LLC TO SECOND AMENDED COMPLAINT AND COUNTERCLAMS**

Defendants Nicole Telkes d/b/a Wildflower School Of Botanical Medicine And/Or Wild Spirit Herbs And Wildflowers And Weeds, LLC (collectively "Defendant") files their answer to Plaintiff Shire City Herbals, Inc.'s ("Plaintiff") Second Amended Complaint as follows:

## Nature of the Action

1.      The Second Amended Complaint in this action speaks for itself and no further response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

2.      The Second Amended Complaint in this action speaks for itself and no further response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

## Jurisdiction and Venue

3.      Defendant denies the allegations of this paragraph.

4.      Defendant denies the allegations of this paragraph.

## The Parties and Their Businesses

5.      Defendant is without knowledge sufficient to form a belief as to the truth of the allegation made in this paragraph and so denies the same.

6.      Defendant admits that Plaintiff offers for sale a tonic product, but is without knowledge sufficient to form a belief as to the truth of the remaining allegations made in this paragraph and so denies the same.

7.      Defendant is without knowledge sufficient to form a belief as to the truth of the allegation made in this paragraph and so denies the same.

8.      Defendant admits to selling a tonic product and residing in Cedar Creek, Texas, but denies the remaining allegations in this paragraph.

9.      Defendant admits that Wildflowers & Weeds, LLC is a Texas limited liability company with a principle place of business in Cedar Creek, Texas and sells a tonic product, but denies the remaining allegations in this paragraph.

10.      Defendant is without knowledge sufficient to form a belief as to the truth of the allegation made in this paragraph and so denies the same.

11.      Defendant is without knowledge sufficient to form a belief as to the truth of the allegation made in this paragraph and so denies the same.

12.      Defendant denies the allegations of this paragraph.

13.      Defendant denies the allegations of this paragraph.

## Shire City's Registered Trademark

14.      Defendant is without knowledge sufficient to form a belief as to the truth of the allegation made in this paragraph and so denies the same.

15.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegation made in this paragraph and so denies the same.

16.     Defendant admits that Plaintiff filed an application with the United States Patent and Trademark Office to register the term "fire cider" but Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations made in this paragraph and so denies the same.

17.     Defendant denies the allegations of this paragraph.

18.     Defendant denies the allegations of this paragraph.

19.     Defendant denies the allegations of this paragraph.

20.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegation made in this paragraph and so denies the same.

21.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegation made in this paragraph and so denies the same.

22.     Defendant denies the allegations of this paragraph.

**Defendants Have Challenged the Validity of Shire City's Mark**

23.     Defendant admits that statements were made on the www.freefirecider.com website that Plaintiff's "FIRE CIDER" mark is generic, but Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations made in this paragraph and so denies the same.

24.     Defendant admits the allegations of this paragraph.

25.     Defendant admits the allegations of this paragraph.

26.     Defendant admits the allegations of this paragraph.

**Defendants' Infringement of the Fire Cider Mark**

27.     Defendant denies the allegations of this paragraph.

28.     Defendant denies the allegations of this paragraph.

29.     Defendant denies the allegations of this paragraph.

30.     Defendant denies the allegations of this paragraph.

31.     Defendant denies the allegations of this paragraph.

## **Defendants' Wrongful Conduct**

32.     Defendant admits that she has created, operated and/or uploaded statements of
various types to Facebook pages that she owns and operates.  Defendant also admits that she
launched the Facebook page "Tradition-Not-Trademark."  Defendant is without knowledge
sufficient to form a belief as to the truth of the remaining allegations made in this paragraph and
so denies the same.

33.     Defendant admits that she operated and/or uploaded statements of various types to
her own business website but Defendant is without knowledge sufficient to form a belief as to
the truth of the remaining allegations made in this paragraph and so denies the same.

34.     Defendant denies the allegations of this paragraph.

35.     Defendant denies the allegations of this paragraph.

36.     Defendant denies the allegations of this paragraph.

37.     Defendant denies the allegations of this paragraph.

38.     Defendant denies the allegations of this paragraph.

39.     Defendant denies the allegations of this paragraph.

40.     Defendant denies the allegations of this paragraph.

41.     Defendant denies the allegations of this paragraph.

42.     Defendant denies the allegations of this paragraph.

43.     Defendant admits that she contacted two retailers of Plaintiff's products but is without knowledge sufficient to form a belief as to the truth of the remaining allegations made in this paragraph and so denies the same.

44.     Defendant denies the allegations of this paragraph.

45.     Defendant denies the allegations of this paragraph.

46.     Defendant denies the allegations of this paragraph.

47.     Defendant denies the allegations of this paragraph.

48.     Defendant denies the allegations of this paragraph.

49.     Defendant denies the allegations of this paragraph.

50.     Defendant denies the allegations of this paragraph.

**Defendants' Usurpation of Domain Names**

51.     Defendant denies the allegations of this paragraph.

52.     Defendant denies the allegations of this paragraph.

53.     Defendant denies the allegations of this paragraph.

54.     Defendant denies the allegations of this paragraph.

55.     Defendant denies the allegations of this paragraph.

**Count I**
**(Declaratory Judgment)**

56.     Defendant's responses to Paragraphs 1-55 are incorporated herein by reference.

57.     Defendant denies the allegations of this paragraph.

58.     Defendant admits the allegations of this paragraph.

59.     Defendant admits the allegations of this paragraph.

60.     Defendant admits that a controversy exists between the parties, but denies the remaining allegations of this paragraph.

## Count II
## (Trademark Infringement)

61.    Defendant's responses to Paragraphs 1-58 are incorporated herein by reference.

62.    Defendant denies the allegations of this paragraph.

63.    Defendant denies the allegations of this paragraph.

64.    Defendant denies the allegations of this paragraph.

65.    Defendant denies the allegations of this paragraph.

66.    Defendant denies the allegations of this paragraph.

## Count III
## (Federal Lanham Act False Designation of Origin)

67.    Defendant's responses to Paragraphs 1-66 are incorporated herein by reference.

68.    Defendant denies the allegations of this paragraph.

69.    Defendant denies the allegations of this paragraph.

70.    Defendant denies the allegations of this paragraph.

71.    Defendant denies the allegations of this paragraph.

72.    Defendant denies the allegations of this paragraph.

## Count IV
## (Federal Lanham Act Trade Disparagement)

73.    Defendant's responses to Paragraphs 1-72 are incorporated herein by reference.

74.    Defendant denies the allegations of this paragraph.

75.    Defendant denies the allegations of this paragraph.

76.    Defendant denies the allegations of this paragraph.

77.    Defendant denies the allegations of this paragraph.

## Count V
## (Trademark Infringement – Common Law)

78.    Defendant's responses to Paragraphs 1-77 are incorporated herein by reference.

79.    Defendant denies the allegations of this paragraph.

80.    Defendant denies the allegations of this paragraph.

## Count VI
## (Unfair Competition – Common Law)

81.    Defendant's responses to Paragraphs 1-80 are incorporated herein by reference.

82.    Defendant denies the allegations of this paragraph.

83.    Defendant denies the allegations of this paragraph.

## Count VII
## (State Law – Unfair Trade Practices)

84.    Defendant's responses to Paragraphs 1-83 are incorporated herein by reference.

85.    Defendant denies the allegations of this paragraph.

86.    Defendant denies the allegations of this paragraph.

87.    Defendant denies the allegations of this paragraph.

88.    Defendant denies the allegations of this paragraph.

89.    Defendant denies the allegations of this paragraph.

90.    Defendant denies the allegations of this paragraph.

## Count VII
## (State Law – Unfair Tortious Interference with Contract)

91.    Defendant's responses to Paragraphs 1-90 are incorporated herein by reference.

92.    Defendant is without knowledge sufficient to form a belief as to the truth of the

allegation made in this paragraph and so denies the same.

93.    Defendant denies the allegations of this paragraph.

94.    Defendant denies the allegations of this paragraph.

95.    Defendant denies the allegations of this paragraph.

## COUNT IX
## (STATE LAW – UNFAIR TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS)

96.     Defendant's responses to Paragraphs 1-95 are incorporated herein by reference.

97.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegation made in this paragraph and so denies the same.

98.     Defendant denies the allegations of this paragraph.

99.     Defendant denies the allegations of this paragraph.

100.    Defendant denies the allegations of this paragraph.

## Count X
## (State Law – Trade Libel)

101.    Defendant's responses to Paragraphs 1-100 are incorporated herein by reference.

102.    Defendant denies the allegations of this paragraph.

103.    Defendant denies the allegations of this paragraph.

104.    Defendant denies the allegations of this paragraph.

105.    Defendant denies the allegations of this paragraph.

106.    Defendant denies the allegations of this paragraph.

## Relief Requested

Defendant denies that Shire City is entitled to the relief requested in the Second Amended Complaint.  To the extent any statement in the prayer for relief is deemed factual, it is denied.

## Affirmative Defenses

1.     Counts I through X, each of them, fail to state a claim upon which relief can be granted.

2.     The Court lacks personal jurisdiction over Defendant.

3.     The Complaint fails to state a claim with the requisite specificity.

4.      Plaintiff has no trademark rights in its alleged mark because the alleged mark is generic.

5.      Plaintiff has no trademark rights in its alleged mark because the alleged mark is descriptive and lacks secondary meaning.

6.      Plaintiff has no trademark rights in its alleged mark because the alleged mark has long been used by others and thus Plaintiff lacks priority of use in commerce.

7.      Plaintiff's claims are barred by the doctrine of estoppel.

8.      Plaintiff's claims are barred by the doctrine of laches.

9.      Plaintiff's claims are barred by the doctrine of waiver.

10.      Plaintiff's claims are barred by the doctrine of acquiescence.

11.      Plaintiff's claims are barred, in whole or in part, because the relevant statements were true.

12.      Plaintiff's claims are barred, in whole or in part, because the relevant statements were made with good motive, without malice, were fair comments made as a private citizen exercising the right of free speech, were discussing matters of public importance or concern, and/or were made as a concerned citizen of the community.

13.      Plaintiff's claims are barred, in whole or in part, under the substantial truth doctrine.

14.      Plaintiff's claims are barred, in whole or in part, because the relevant statements were statements of opinion, not fact, and are therefore not actionable.

15.      Plaintiff's claims are barred, in whole or in part, because the relevant statements were protected by an absolute, conditional and/or qualified privilege.

16.     Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution.

17.     Plaintiff's claims are barred, in whole or in part, because the relevant statements were statements or comments of opinion, which were believed, as matter of opinion, to be true.

18.     Plaintiff's claims are barred, in whole or in part, because the relevant statements did not state or imply any facts that were provably false.

19.     Plaintiff's claims are barred, in whole or in part, because the relevant statements were made in good faith.

20.     Plaintiff's claims are barred, in whole or in part, because the relevant statements were not of and concerning Plaintiff's products.

21.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to plead with particularity special damages and/or has failed to plead a sufficient causal relationship between any statements by the Defendant and any damages suffered by the Plaintiff.

22.     The Plaintiff's claims are barred in whole or in part by Mass. Gen. Law Chapter 231, Section 59H, the anti Strategic Litigation Against Public Participation statute.

## COUNTERCLAIMS

Defendant states her Counterclaim against Plaintiff as follows:

1.     Defendant Nicole Telkes ("Defendant") is an individual residing in Texas.

2.     In its Complaint, Plaintiff Shire City Herbals, Inc. ("Plaintiff") asserts that it is a Massachusetts corporation with its principal place of business at 115 Wendell Ave., Pittsfield, Massachusetts.

## STATEMENT OF FACTS

3.      Defendant hereby incorporates her responses to the allegations of Plaintiff's Complaint as well as Paragraphs 1-22 of the above Affirmative Defenses by reference.

4.      The term fire cider has been long used in the United States to refer to a type of tonic similar to that offered by Defendant and similar to that offered by Plaintiff.

5.      Plaintiff is aware of the prior use of the term fire cider to refer to tonics similar to those offered by Defendant and Plaintiff.

6.      Plaintiff is the record owner of the U.S. Trademark Registration No. 4260851, issued by the United States Patent and Trademark Office.

7.      Plaintiff has used Registration No. 4260851 to force other providers of fire cider to stop selling or offering for sale products bearing the words "fire" and "cider," including but not limited to Defendant.

## COUNT I
## DECLARATORY JUDGMENT

8.      Defendant repeats and realleges the allegations contained in paragraphs 1-7 of Defendant's Counterclaim as if fully set forth herein.

9.      The long-standing use of the term fire cider renders the term generic.

10.     The term fire cider is also merely descriptive and has not acquired secondary meaning associating it with Plaintiff.

11.     The term fire cider has long been used by others in commerce and Plaintiff's use of the term lacks priority in commerce.

12.     Plaintiff has no trademark rights in the term fire cider and the term fire cider is not entitled to registration with the United States Patent and Trademark Office.

## COUNT II
## MASS. GENERAL LAW SECTION 93A

13.     Defendant repeats and realleges the allegations contained in paragraphs 1-12 of Defendant's Counterclaim as if fully set forth herein.

14.     Plaintiff has knowingly and falsely represented that it owns trademark rights in the term fire cider primarily to gain economic benefit and to prevent Defendant from gaining economic benefit from marketing her products.

15.     The Plaintiff has wrongfully interfered with Defendant's use of the term fire cider to describe her products and has wrongfully interfered with Defendant's attempts to market her products using the term fire cider.

16.     Plaintiff's conduct constitutes unfair competition and deceptive trade practices under M.G.L.A. 93A Section 11.

17.     Plaintiff's conduct has caused damages and irreparable harm to Defendant.

WHEREFORE, Defendant respectfully requests that the Court:

i)   Enter a declaratory judgment that Registration No. 4260851is invalid and not infringed by Defendant:

ii)  Order the cancellation of Registration No. 4260851:

iii) Dismiss Plaintiff's Complaint:

iv)  Declare this to be an exceptional case and award Defendant her attorney's fees and costs:

v)   Order Plaintiff to pay damages and for such other and further relief is just and proper.

Dated:  March 25, 2019                          /s/ James G. Goggin
                                                James G. Goggin (pro hac vice)
                                                Verrill Dana, LLP
                                                One Portland Square
                                                Portland, ME  04112
                                                (207) 253-4602
                                                jgoggin@verrilldana.com

                                                Attorney for Defendants Nicole Telkes d/b/a
                                                Wildflower School of Botanical Medicine
                                                and/or Wild Spirit Herbs and/or Wild Spirit
                                                Herbs, Wildflowers & Weeds, LLC

### CERTIFICATE OF SERVICE

        I hereby certify that on March 25, 2019, I electronically filed the foregoing Answer to

Second Amended Complaint and Counterclaims with the Clerk of Court using the CM/ECF

system which will send notification of such filing to the following persons at the given email

addresses:

                                Paul C. Rapp, Esq.
                                348 Long Pond Road
                                Housatonic, MA  01236
                                paul@paulrapp.com

                            Christopher Hennessey, Esq.
                                Sasha Kopf, Esq.
                            Cohen Kinne Valicent Cook
                                36 Cliffwood Street
                                Lenox, MA  01240
                            chennessey@cohenkinne.com

Dated:  March 25, 2019                          /s/ James G. Goggin
                                                James G. Goggin

12570207_1